## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ms. Arzou HAMI,<br>   *Petitioner*,<br> v.<br><br>JOSEPH FREDEN,<br> in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>STEVEN KURZDORFER,<br> In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>TODD LYONS,<br> In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,<br><br>KRISTI NOEM,<br> In her official capacity as Secretary of Homeland Security,<br><br>   *Respondent.* | Civil Action No. 25-cv-585<br><br><br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW**<br><br><br>*Oral Argument Requested* |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

THE PARTIES ................................................................................................................................4

CUSTODY ......................................................................................................................................4

JURISDICTION & VENUE ...........................................................................................................5

    I.    SUBJECT MATTER JURISDICTION ...............................................................................5

    II.   PERSONAL JURISDICTION ............................................................................................5

    III.  VENUE ...............................................................................................................................5

ARGUMENT ..................................................................................................................................6

    I.    THE PETITIONER MUST BE RELEASED UNLESS THE GOVERNMENT PROVES IT HAS THE LAWFUL AUTHORITY TO DETAIN HIM ............................................. 6

    II.   THE PETITIONER MAY NOT BE REMOVED FROM THE UNITED STATES UNLESS AND UNTIL THE GOVERNMENT PROVES IT HAS THE LAWFUL RIGHT TO DO SO ........................................................................................................... 7

    III.  THE RESPONDENTS MUST BE PREVENTED FROM REMOVING MR. VAHDAT OUT OF THIS JUDICIAL DISTRICT DURING THE PENDENCY OF THESE PROCEEDINGS ................................................................................................................. 7

**CLAIMS FOR RELIEF** ..................................................................................................................8

**COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. VAHDAT FROM THE UNITED STATES WHEN IT HAS NO LEGAL AUTHORITY TO DO SO**..........................................................8

**COUNT 2: MR. VARHAT'S CURRENT DETENTION IS IN VIOLATION OF THE REGULATIONS, CONTRAVENES THE STATUTORY BASIS FOR POST-ORDER DETENTION AND VIOLATES PROCEDURAL AND DUE PROCESS PROTECTIONS** 9

**PRAYER FOR RELIEF**..................................................................................................................9

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**..................................................................................................................11

## PRELIMINARY STATEMENT

1. Ms. Arzou Hami ("Ms. Hami") is a stateless individual who was born in Iran, where she was arrested, charged, and convicted of a political offense. She was sentenced to eighty (80) lashes – essentially a death sentence. Her family was able to bribe officials to allow Ms. Hami to escape. She fled Iran through the mountains on the backs of donkeys, with the assistance of smugglers. When she reached Turkey, she filed for refugee protection with UNHCR and was eventually resettled in Canada. After two years of living in Canada, she perceived a threat from Iranian agents in that country, and she crossed the frozen Lake Champlain to enter the United States on or about 1994.

2. Ms. Hami believes that Iran has revoked her citizenship, and is therefore stateless.

3. On May 10, 1996, Ms. Hami received an *in absentia* order of deportation at the Buffalo Immigration Court.

4. At some point, Ms. Hami was arrested and detained by immigration authorities for approximately one (1) year. They were unable to deport her to Iran, quite possibly because she is stateless, and she was released on an Order of Supervision.

5. Ms. Hami has complied with her Order of Supervision, checking in with ICE periodically since then.

6. Ms. Hami comes from a Zoroastrian family, and is a convert to Christianity. She fears return to Iran due not just to her conviction of a political offense, but also due to her religious beliefs, where she could face serious persecution up to and including torture and death.

7. Ms. Hami suffers from serious mental health issues and has been prescribed lithium for her diagnoses of bipolar and schizophrenia.

8. On September 27, 2002, a motion to reopen was denied by the Immigration Judge.

9. On or about June 24, 2025, Ms. Hami - who was at her liberty and upon information and belief in full compliance with the terms of her Order Of Supervision - was approached by and apprehended by ICE officers. She was detained without warning or process and ultimately taken to the Niagara County Jail, where she is being held on behalf of ICE.

10. Immigration counsel for Ms. Hami has asked ICE to explain its justification for Ms. Hami's arrest and detention - including for clarity as to its intentions on what it intends to do with her. Exh 2. ICE has not responded to this inquiry, although they have responded to another inquiry for another detained Iranian and indicated in that response that they intend to seek removal to Iran or to a third country – namely, another "country of choice".

11. The lack of response from ICE, combined with the actions they have taken in other recent cases, raises the possibility of **four**, separate unlawful and/or unconstitutional acts by the government. First, despite an explicit request, no reasons have been provided for revocation of her order of supervision and counsel are aware of none justifying it - rendering such a decision potentially unlawful. *See, e.g.* 8 C.F.R. § 241.4(4), 241.13 (setting out regulatory, required procedures for revocation of release) and *Ceesay v. Kurzdorfer*, No. 25-CV-267-LJV, 2025 WL 1284720 (W.D.N.Y. May 2, 2025) (finding no-notice revocation of release unlawful). Second, Ms. Hami has not been provided any notification regarding potential third countries - or as ICE put it in another detained Iranian's case, "another country of choice" - to which immigration authorities may attempt to remove her, have not provided her a mechanism to voice any fear of being removed to such a country, nor any timeline upon which she could be removed. Ms. Hami's removal to a third country in these circumstances was subject to a preliminary

injunction [1] which has now been stayed by the Supreme Court.[2] But until and unless the government makes its intentions clear, the government is preventing her from ascertaining whether she has a claim separate and apart from the stayed-*D.V.D.* class. Fourth, upon information and belief, the Department of Homeland Security does not have any reasonably foreseeable way of removing Ms. Hami: she cannot legally be deported to Iran, as she is stateless, no travel documents have been obtained for any other country and there is no likelihood of obtaining one - ***even if*** Ms. Hami would not be able to state a credible fear of being deported to such countries (and as a woman with significant mental health issues which require ongoing treatment, she is likely to be able to state a powerful claim to against removal to all countries the United States has been able to effect third country removals to recently). Likewise, upon information and belief, Ms. Hami poses no danger to the community. In other words, her detention at this time – twenty-nine years after her *in absentia* deportation order and decades after being placed on an order of supervision -- is not related to any lawful detention authority.

12.     Until and unless the government is made to provide clarity to its detention authority and intentions regarding Ms. Hami, she is prevented from stating with particularity the basis of her challenges to both her current detention and any attempts to remove her. But those answers are exclusively within the government's control and as such, she urgently invokes her ancient right for a writ of habeas corpus: to be brought before the Court and have this Court determine whether she is rightfully in confinement or not.

---

[1] *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1142968 (D. Mass. Apr. 18, 2025), opinion clarified, No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), and opinion clarified, No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025), reconsideration denied sub nom. *D.V.D v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1495517 (D. Mass. May 26, 2025).

[2] *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153, 2025 WL 1732103 (U.S. June 23, 2025)

13. Additionally, should Ms. Hami be either moved out of the district or worse, out of the country pursuant to what she properly alleges is an *ultra vires* act (i.e. not based on any facially valid order of removal) she will not be able to vindicate her rights retroactively. For that reason, she implores the court to temporarily restrain his movement out of the Western District of New York until the Court has an opportunity for full briefing.

## THE PARTIES

14. Petitioner Ms. Arzou Hami, is detained in the custody of ICE. As of 10:30am on July 4, 2025, she is being held at the Niagara County Jail in Lockport, New York. See *Exhibit B, Print-out of ICE Detainee Locator*. Her custody and governmental actions related to her removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

15. Respondent Joseph Freden is the Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

16. Petitioner's custody within this judicial district and the governmental actions related to her potential removal from the district are likewise controlled by Respondents Kurzdorfer, Lyons and Noem.

## CUSTODY

17. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the Niagara County Jail in Lockport, New York. The Deportation Officer responsible for her case is stationed at the Buffalo Federal Detention Facility

("BFDF"). Upon information and belief, there is no female bed space available at BFDF, so the ICE Field Office contracts with various county jails to hold female detainees pursuant to an inter-agency agreement. The Petitioner is under the direct care, custody and control of Respondents and their agents.

## JURISDICTION & VENUE

I. <u>SUBJECT MATTER JURISDICTION</u>

18. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

19. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. <u>PERSONAL JURISDICTION</u>

20. This Court has personal jurisdiction over Ms. Hami's immediate custodian (who is physically within the district).[3]

III. <u>VENUE</u>

---

[3] Petitioner asserts this Court has personal jurisdiction over the additional Respondents, however, in the interests of brevity, the Petitioner will brief this if (1) any governmental acts challenged herein are found to relate to those Respondents (instead of the immediate custodian) and (2) the Government seeks to argue against personal jurisdiction.

21. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the Niagara County Jail, pursuant to an agreement between ICE and the county sheriff, and her detention falls under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

## ARGUMENT

### I. THE PETITIONER MUST BE RELEASED UNLESS THE GOVERNMENT PROVES IT HAS THE LAWFUL AUTHORITY TO DETAIN HER

22. The information provided by DHS thus far *suggests* that its re-arrest and continuing detention of Ms. Hami violate its own regulations (namely 8 C.F.R. § 241.4 and 241.13). Specifically, (1) Ms. Hami does not appear to have violated any of the conditions of her Order of Supervision, which was revoked without notice or reason given (2) there is no reason to believe that Ms. Hami, a stateless individual from Iran, "can be removed in the foreseeable future" and (3) there is no other compelling reason for the government to re-arrest and redetain her. Indeed, she was detained as part of an inexplicable push by ICE to detain as many Iran-born individuals as possible in the aftermath of Trump and Netanyahu's missile strikes on the Iranian regime. As such, Ms. Hami anticipates being able to state with particularity why her current detention is unlawful - and correspondingly a violation of procedural and substantive due process.

23. But because the rationale underpinning the government's actions is exclusively within the control of the respondents - and they have refused to state the justification for her arrest and detention, indeed refusing or failing to respond to e-mail correspondence from her immigration counsel - the Petitioner must, for now, rely upon the ancient form of the writ; to

have this Court (1) ascertain the legal justification for his detention and (2) determine whether it is lawful. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.") (internal citations omitted).

24.  This is true whether under this Court's statutory jurisdiction under 28 U.S.C. § 2241, **_or_** the Suspension Clause of the Constitution (should any statutory provision purport to strip jurisdiction). U.S. CONST. Art. I, § 9, cl. 2.

25.  DHS must be forced to describe with particularity why it believes it has the legal right to detain the Petitioner. If it does not, this Court must issue the writ to release her forthwith.

II. THE PETITIONER MAY NOT BE REMOVED FROM THE UNITED STATES UNLESS AND UNTIL THE GOVERNMENT PROVES IT HAS THE LAWFUL RIGHT TO DO SO

26.  Once again, the Petitioner has a right to the ancient form of the writ; to have this Court ascertain whether the Government's actions in attempting to remove her - either pursuant to the 1996 *in absentia* order of deportation (*which it was unable to execute, upon information and belief, because Petitioner is stateless*) or to "another country of choice" (*without even a semblance of due process and contrary to the statute and regulations regarding designations of third countries for removal*) - are lawful.

27.  If the Government believes it has the right to remove Ms. Hami, it must state why and she will be able to respond accordingly. If it does not, it must release her as his detention has become divorced from the only possible detention authority the Government possesses over Ms. Hami.

III. THE RESPONDENTS MUST BE PREVENTED FROM REMOVING MS. HAMI OUT OF THIS JUDICIAL DISTRICT DURING THE PENDENCY OF THESE PROCEEDINGS

28. Ms. Hami has significant mental health problems. Telephonic visits for legal matters are thus particularly problematic, and in person consultation with counsel is correspondingly extremely important. Ms. Hami's participation in these proceedings would thus become difficult - and potentially impossible - if she were transferred out of the jurisdiction prior this Court resolving this petition, *even if* the Court retains jurisdiction no matter where the Respondents may seek to transfer her.

## CLAIMS FOR RELIEF

### COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MS. HAMI FROM THE UNITED STATES WHEN IT HAS NO LEGAL AUTHORITY TO DO SO

29. Ms. Hami re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

30. Ms. Hami may not be removed to any country at this time: although she is subject to an order of deportation, she is stateless and was unable to previously be removed to Iran, and further, she has received neither notification, nor opportunity to state a claim for fear of relief to any third country. The Government must be prevented from unlawfully detaining and removing her. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

**COUNT 2: MS. HAMI'S CURRENT DETENTION IS IN VIOLATION OF THE REGULATIONS, CONTRAVENES THE STATUTORY BASIS FOR POST-ORDER DETENTION AND VIOLATES PROCEDURAL AND DUE PROCESS PROTECTIONS**

31. Ms. Hami re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

32. Since her Order of Supervision was granted, over two decades ago, (1) there has been no change of circumstances (2) Ms. Hami does not appear to have violated any of the conditions of her Order of Supervision, which was revoked without notice or reason given (3) there is no reason to believe that Ms. Hami "can be removed in the foreseeable future" and (4) there is no other compelling reason for the government to re-arrest and redetain her. Her detention is unlawful and violates her procedural and substantive due process rights. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Prevent the Petitioner's removal outside of this judicial district until this action is decided;

(3) Issue a temporary stay of Petitioner's removal until this action is decided;

(4) Grant the Writ of Habeas Corpus and;

(5) Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

Dated:  July 4, 2025                                    /s/ Matthew K. Borowski
                                                                                 _____
                                                                                 Matthew K. Borowski
                                                                                 *Attorney for Petitioner*
                                                                                 4343 Union Road,
                                                                                 Buffalo NY 14225
                                                                                 E-mail: matthew@borowskilaw.com
                                                                                Tel: 716-330-1503

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have discussed with the Petitioner's immigration attorney, Ryan Witmer, the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated:  July 4, 2025                                  /s/ Matthew K. Borowski

                                                    _____
                                                    Matthew K. Borowski
                                                    *Attorney for Petitioner*
                                                    4343 Union Road,
                                                    Buffalo NY 14225
                                                    E-mail: matthew@borowskilaw.com
                                                           Tel: 716-330-1503

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Arzou Hami

### DEFENDANTS
JOSEPH FREDEN, STEVEN KURZDORFER, TODD LYONS, KRISTI NOEM

**(b)** County of Residence of First Listed Plaintiff: Niagara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew K. Borowski, Borowski Witmer Immigration Lawyers, 4343 Union Road, Buffalo, NY 14225

Attorneys (If Known)
USAO WDNY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | [x] 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2241

Brief description of cause:
Habeas corpus petition

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/04/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Borowski

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**Subject:** HAMI, ARZOU WISH - A074-728-494
**From:** Ryan Witmer <ryan@borowskilaw.com>
**Date:** 6/30/2025, 12:05 PM
**To:** "BTV-dutyofficer," <BTV-dutyofficer@ice.dhs.gov>
**CC:** "staff@borowskilaw.com" <staff@borowskilaw.com>

Dear Duty Officer:

I represent HAMI, ARZOU WISH - A074-728-494, she is detained at Niagara County Jail. If this case is not being handled by ERO-Batavia, could you please let me know who I should contact?

I am requesting any information you can provide about how ERO is processing this case. It appears to me that she has a deportation order, however, she also told me that ERO issued a new order of supervision which involved GPS monitoring. Does ERO intend to release her on OSUP or does ERO intend to execute the deportation order?

I also have been told that her Iranian citizenship has been revoked and I suspect that deportation to Iran is logistically difficult at this time. Does ERO intend to deport her to a third country? Can you tell me which country or any information regarding whether she will be provided notice and a hearing before deportation?

I am also requesting a copy of any documents which have been served on her.

I greatly appreciate any information you can provide regarding this case. This individual has very serious concerns that she will be tortured in Iran and other countries.

G-28 is attached.

Thank you,

--
Ryan L. Witmer
Borowski Witmer Immigration Lawyers
www.borowskilaw.com
4343 Union Road
Buffalo, New York 14225
United States:  716-330-1503
Canada:  647-367-1815
ryan@borowskilaw.com

Virginia Office
7005 Backlick Court, Suite 201
Springfield, VA 22151
703-649-3225

Licensed in Florida
*practice limited to U.S. Immigration and Nationality Law

Attachments:

G-28- RLW efiled.pdf                                                                                                                525 KB

Official Website of the Department of Homeland Security



## Main Menu

### Search Results: 1

**ARZOU HAMI**

**Country of Birth :** Iran

**A-Number:** 074728494

**Status :** In ICE Custody

**State:** NY

**Current Detention Facility**: Niagara County Jail

*\* Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

### Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

Privacy Notice

Privacy - Terms

## External Links

Bureau of Prisons Inmate Locator



| DHS.gov | USA.gov | OIG | OpenFOIA | Metrics | No Fear Act | Site Map | Site Policies & Plug-Ins |
|---|---|---|---|---|---|---|---|