UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARZOU HAMI,

    Petitioner,

v.

JOSEPH FREDEN et al.,

    Respondents.

25-CV-585-LJV
DECISION & ORDER

---

The petitioner, Arzou Hami, has been in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), since June 24, 2025. Docket Item 1 at ¶¶ 9, 17. On July 3, 2025, unbeknownst to Hami's attorney, ICE transferred Hami from the Niagara County Jail in Lockport, New York, to the El Valle Detention Facility in Raymondville, Texas. *See id.*; Docket Item 12-1 at ¶¶ 3, 6-8. The next day—July 4, 2025—Hami filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. Docket Item 1.

On July 16, 2025, the respondents moved to dismiss for lack of jurisdiction or to transfer the case to the United States District Court for the Southern District of Texas, where Hami was being held. *See* Docket Item 5-2. On July 25, 2025, Hami responded, Docket Item 8, and a few weeks later this Court heard oral argument, *see* Docket Item 11. The respondents then replied, Docket Item 12; Hami sur-replied, Docket Item 14; the respondents filed an additional declaration regarding Hami's transfer, Docket Item 16; and Hami filed a letter in response, Docket Item 17.

For the reasons that follow, the respondents' motion is granted in part and denied in part. More specifically, this Court denies the respondents' motion to dismiss for lack

of jurisdiction but grants their motion to transfer.  Accordingly, the Court transfers this case to the United States District Court for the Southern District of Texas and leaves the decision on Hami's writ of habeas corpus to that court.  This Court's order keeping the status quo by prohibiting the respondents from deporting Hami, *see* Docket Item 2 at 2,[1] remains in place until further order of the judge to whom this case is transferred.

## DISCUSSION

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus within its "respective jurisdiction[]."  A petition for a writ of habeas corpus is within a court's jurisdiction if (1) it names the proper respondent and (2) the court has jurisdiction over that respondent.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).  Under the "immediate custodian rule," the proper respondent for such petitions is the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge.'"  *Id.* at 435 (collecting cases).

In "core" habeas challenges—a petitioner's challenge to his or her current physical confinement—the proper respondent "is [generally] the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Id.*  Thus, under the immediate custodian rule, the district court that has jurisdiction over the proper respondent is "synonymous" with the district of

---

[1] Because this Court did not know that Hami had already been transferred, its initial order prohibited the respondents "from removing the petitioner outside . . . the jurisdiction of the United States District Court for the Western District of New York."  Docket Item 2 at 2.  At oral argument on August 26, 2025, in response to the respondents' inquiry, *see* Docket Item 9, the Court clarified that the order still prohibits Hami's removal from the United States even though she is no longer located in this district.

confinement at the time the petition was filed.  *Id.* at 444 (emphasis omitted); *see also Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. March 19, 2025).

In the immigration context, however, the landscape can be more complicated.  In *Padilla*, the Supreme Court "explicitly reserved judgment on whether the immediate[ ]custodian rule applies in the immigration context, and the Second Circuit has not decided the issue either."  *Khalil*, 771 F. Supp. 3d at 280 (internal citation omitted) (citing *Padilla*, 542 U.S at 435 n.8).  But "a clear majority of courts in this circuit . . . have held that the 'immediate custodian' rule applies to 'core' immigration habeas cases in which a petitioner challenges his or her detention pending removal and that jurisdiction [in such cases] lies only in the district of confinement."  *Id.* (some internal quotation marks omitted) (collecting cases); *see also Ozurk v. Hyde*, 136 F.4th 382, 447 (2d Cir. 2025) (holding that "'[w]henever a [section] 2241 habeas petitioner seeks to challenge his present physical custody within the United States,' he must file the petition in the district of confinement and name his immediate custodian as the respondent" (quoting *Padilla*, 542 U.S. at 447)).  For "non-core" immigration habeas proceedings, on the other hand—which challenge a "statutory or constitutional violation" other than the petitioner's present physical detention—"courts in this circuit have consistently held that the proper respondent is a person or entity that has *legal custody* of the petitioner, also known as a 'legal custodian.'"  *Calderon v. Sessions*, 330 F. Supp. 3d 944, 951-52 (S.D.N.Y. 2018) (collecting cases).

I.   **APPLICATION OF THE RULE**

The parties dispute whether the immediate custodian rule applies to Hami's petition.  The respondents contend that it does and that the proper respondent therefore

3

is in the Southern District of Texas where Hami is being housed.  *See generally* Docket Items 5-2, 12, and 16.

Hami disagrees and argues that the immediate custodian rule does not apply to section 2241 petitions by noncitizens in the immigration context.  *See generally* Docket Items 8, 14, and 17.  She notes that the Supreme Court has not addressed whether noncitizens' habeas petitions are core challenges where the immediate custodian rule applies, and she argues that this petition is non-core.  Docket Item 8 at 4-6 (citing *Padilla*, 542 U.S. at 435 n.8); Docket Item 14 at 3.  Hami therefore asks this Court instead to apply the "legal custodian rule" and exercise jurisdiction over her petition because she has properly named the respondents who have *legal* custody over her: officials in the ICE Buffalo Field Office.  Docket Item 14 at 3.

Hami alternatively argues that this Court should apply the immediate custodian rule broadly.  *See* Docket Item 8 at 4-8.  More specifically, she says that when a noncitizen petitioner "is detained in a non-federal facility pursuant to the power and authority of the federal government and under a contract with the federal government, the proper respondent is the federal official with the *most immediate control* over that facility," which is not necessarily the warden.  *Id.* (emphasis added) (citation omitted); *see Rodriguez Sanchez v. Decker*, 2019 WL 3840977, at *2 (S.D.N.Y. Aug. 15, 2019) ("Because a petitioner held in a non-federal facility under contract with the federal government is in custody pursuant only 'to the power and authority of the federal government,' the federal official 'with the most immediate control' over that facility is the proper respondent." (quoting *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1186 (N.D.

4

Cal. 2017))).  And here, she says, the ICE Buffalo Field Office has maintained control over her detention even after she was transferred.  See Docket Item 8 at 7-8.

Ultimately, this Court need not decide whether the legal custodian rule or the immediate custodian rule applies to an immigration petition like this one that raises both core and non-core claims.  Even assuming that Hami is correct that the legal custodian rule applies here, she states only that she "*believes* that the Buffalo Field Office continues to exercise administrative control over her case."  See Docket Item 14 at 2 (emphasis added).  That belief, she says, is based on "the general practice that [her] counsel has observed in his representation of detained clients over the years."  See id. But she has not provided any specific facts or evidence showing that the respondents retained control over her immigration matters after her transfer to the El Valle Detention Facility.  Cf. Calderon, 330 F. Supp. 3d at 952-53 (finding that "power over [the p]etitioner [was] vested in legal custodians," which "favor[ed] application of the legal custodian rule").  Likewise, even if this Court applies the immediate custodian rule broadly under Rodriguez Sanchez, Hami has not alleged specific facts demonstrating that any of the respondents have control, let alone the "most immediate control," over the El Valle Detention Facility where she has been detained since July 3, 2025.  See Rodriguez Sanchez, 2019 WL 3840977, at *2.

The respondents, in contrast, have filed a declaration stating that "[a]s of July 3, 2025, the ICE [Enforcement and Removal Operations (ERO)] Buffalo Field Office transferred responsibility for overseeing Hami's detention to the ICE ERO Harlingen Field Office."  Docket Item 12-1 at ¶ 10.  Hami's belief cannot refute that sworn declaration.

5

Based the record before it, there is no basis for this Court to find that any custodian with control over Hami's case is in this district.  Consequently, Hami has not properly named the respondents, and this District is not the correct one for her petition.

## II.     TRANSFER

Under 28 U.S.C. § 1406(a), a district court has the authority, "in the interest of justice," to transfer a petition filed in the incorrect district instead of dismissing it. Although a court's lack of subject matter jurisdiction over an action generally should result in dismissal, see, e.g., Durant, Nichols, Houston, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009), "jurisdiction" under section 2241 is akin to personal jurisdiction or venue, see Khalil, 771 F. Supp. 3d at 287 (noting that the district of confinement and immediate custodian "rules are not jurisdictional in the sense of a limitation on subject[ ]matter jurisdiction, but rather akin to personal jurisdiction or venue rules") (internal citation and quotation marks omitted) (collecting cases).  Thus, because the jurisdictional issue here is at its core a venue issue, and because the respondents themselves apparently agree since they have requested transfer as alternative relief, this Court exercises its discretion to transfer her petition to the appropriate district.[2]

---

[2] *Khalil* also notes that 28 U.S.C. § 1631—which provides that "when a court finds that there is a want of jurisdiction," it can transfer the action to a court in which the action could have been brought at the time of filing if it is in the interest of justice to do so—"would arguably provide a basis for the [c]ourt to transfer [the] petition even if the defect were one of subject[ ]matter jurisdiction." 771 F. Supp. 3d at 287 n.7 (internal quotation marks omitted) (citing *SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000)).

6

Therefore, to avoid delay in resolving this petition and any prejudice that might result from that delay, this Court exercises its discretion to transfer Hami's case to the United States District Court for the Southern District of Texas.  *See Khalil*, 771 F. Supp. 3d at 287 (explaining that "[r]equiring [the petitioner] to refile his [p]etition . . . would result in unnecessary delay" and that "dismissal would prejudice [the petitioner] in several important ways").  Moreover, transfer instead of dismissal will allow this Court's temporary order preventing Hami's removal to remain in place until the new court can decide whether to extend or lift that order.  *See id.* (considering that "[d]ismissal would mean vacatur of the temporary relief [the c]ourt granted to [the petitioner], and would allow for [the petitioner]'s expedited removal from the country before his claims could even be adjudicated" (internal citation omitted)).  Finally, this Court notes that "the record makes plain that [Hami's attorney] filed the [p]etition in this [d]istrict based on a good-faith and reasonable belief that [s]he was then detained here," which also is "a '[f]actor[ ] militating for a transfer' rather than dismissal."  *See id.* at 287-88 (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)).

For all those reasons, this Court finds that transfer, not dismissal, is appropriate.

## **CONCLUSION**

In light of the above, IT IS HEREBY

ORDERED that the Clerk of the Court shall transfer this case to the United States District Court for the Southern District of Texas, and it is further

ORDERED that this Court's order prohibiting the respondents from removing Hami from the United States remains in place until further order of the judge to whom this case is transferred.

SO ORDERED.

Dated:    October 7, 2025
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE